IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNUM GROUP, <br><br> Plaintiff, <br> v. <br><br> BRIAN T. BAKER, <br><br> Defendant. | **MEMORANDUM DECISION** <br><br> Case No. 2:17-cv-01210-DBP <br><br> Magistrate Judge Dustin B. Pead |

On November 20, 2017, Plaintiff Unum Group ("Unum") filed a Complaint pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, requesting an equitable lien for reimbursement of long-term disability benefits ("LTD") that were paid to Defendant Brian T. Baker ("Mr. Baker"). (ECF No. 2.) Mr. Baker is proceeding pro se. On April 11, 2018, the parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. 636(c). (ECF No. 11.) The matter is before the Court on *Unum's Redacted Motion for Summary Judgment* ("Motion"). (ECF No. 19.)

Briefing has concluded. The court has carefully reviewed the moving papers submitted by the parties. Pursuant DUCivR 7-1(f), oral argument is unnecessary and the court will determine the motions on the basis of the written papers.

**LEGAL STANDARD**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008). When employing this standard, the court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See City of Harriman v. Bell*, 590

F.3d 1176, 1181 (10th Cir. 2010). "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the non-moving party." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

A movant who does not bear the ultimate burden of persuasion at trial, need not negate the other party's claim. *See Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010). Rather, the movant needs to point to a lack of evidence for an essential element of the opposing party's claim. *Id.* After the movant has met this initial burden, the onus shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The non-moving party must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec, Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990). "A party asserting that a fact…is genuinely disputed must support the assertion by…citing to particular parts of the materials in the records, including depositions, documents, electronically stored information, affidavits or declarations,…admissions,…or other materials." Fed. R. Civ. P. 56(c)(1).

## DISCUSSION

1. Mr. Baker's Filings.

On December 11, 2018, Unum filed its Motion. (ECF No. 19.) A memorandum opposing the Motion should have been filed on or before January 8, 2019. *See* DUCivR 7-1(b)(3). However, this deadline passed without Mr. Baker filing any opposition. This prompted

the Court to issue an *Order to Show Cause* ("OSC") requiring Mr. Baker to explain why the Motion should not be granted considering it, at that time, was unopposed. (ECF No. 23.) Mr. Baker had until February 8, 2019 to file his response to the OSC. (*Id.*)

The Court received Mr. Baker's timely response to the OSC. (ECF No. 24.) In it, Mr. Baker (1) asserted that he had not received "anything" from Unum or the Court until February of 2019, (2) requested the Court instruct him on how to proceed in resolving the Motion, (3) claimed he had been taxed on the money as sick pay, and (4) indicated he had experienced medical complications with his injured leg that resulted in an additional surgery on February 14, 2019. (*Id.*) Consequently, the Court determined that Mr. Baker's medical complications provided sufficient cause to excuse his failure to respond and afforded Mr. Baker additional time to oppose summary judgment. (ECF No. 25.) Mr. Baker had until March 25, 2019 to file an opposition. (*Id.*) Further, the Court instructed Mr. Baker to review the operative procedural rules that govern summary judgment oppositions. (*Id.*)

Instead of heeding the Court's advice about adhering to the operative rules governing his opposition, on March 20, 2019, Mr. Baker filed a single page letter ("Letter"). Accompanying the Letter are approximately 60 pages of documents that appear to be communications from Unum regarding the issue and payment statements reflecting funds Mr. Baker purportedly received. Mr. Baker indicates that the Letter is a motion for summary judgment and not the opposition he should have filed. However, pursuant to Fed. R. Civ. P. 56 and DUCivR 56-1, the Letter neither qualifies as a standalone summary judgment motion or an opposition to the Motion.

To qualify as a standalone summary judgment motion, Mr. Baker needed to cite with particularity to the evidence (i.e. materials in the record including depositions, documents, or

3

other materials) that support his factual assertion. *See* Fed. R. Civ. P. 56(c)(1); DUCivR 56-(b)(3). Even though Mr. Baker attaches 60-pages of documents to his Letter, he fails to assert how those documents support any undisputed fact and fails to cite with particularity to any evidence. Therefore, Mr. Baker's Letter does not qualifying as a standalone summary judgment motion.

Even so, the Court liberally considers the Letter as the requisite opposition that Mr. Baker was instructed to file. To this end, a response shall include a concise summary explaining why summary judgment should be denied, a restatement of each fact that Mr. Baker contends is genuinely disputed or immaterial, a citation with particularity to the evidence upon which Mr. Baker relies upon to refute Unum's material facts, and an explanation for each claim, under the applicable legal principles, that support a denial of summary judgment. *See* DUCivR 56-1(c).

While Mr. Baker's Letter claims to include all documents "showing how [Unum has] falsified paperwork on what they have paid…," he fails to connect the mass of material to any legal principle. In essence, Mr. Baker leaves it up to the Court to organize and articulate the legal significance of the 60 pages of documents in support of his claim that Unum falsified documents. However, courts do not "construct or flesh out" a party's arguments; rather it is Mr. Baker's "responsibility to tie the salient facts, supported by specific record citation" to his contentions. *See generally Schaede v. The Boeing Company*, 72 F. 3d 138, 138 (10th Cir. 1995). Consequently, Mr. Baker falls short of shouldering his burden of establishing there is a genuine issue of material fact.

2. Unum's Motion.

Turning to Unum's request for summary judgment, the Court views Unum's material facts as undisputed in light of Mr. Baker's failure to present specific evidence to the contrary. Because the facts are clearly set forth in the Motion, the Court will not recite them here.

Pursuant to 29 U.S.C. § 1132(a)(3), Unum may bring a civil action for equitable relief to either redress violations of the terms of a LTD plan or to enforce its provisions. Unum may seek to recover funds that are specifically identifiable, belong to the plan, and are within possession and control of the beneficiary. *See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough,* 354 F.3d 348, 356 (5th Cir. 2003); *see also Admin. Comm. Of Wal-Mart Assocs. Health & Welfare Plan v. Willard,* 393 F.3d 1119, 1123 (10th Cir. 2004). Specifically identifiable funds are funds that are either held by the participant or held by a non-party closely associated with the participant. *See Bombardier*, 354 F.3d at 354.

Mr. Baker participated in an employer-sponsored LTD plan. The LTD plan expressly permits Unum to subtract other deductible sources of income, such as Social Security Disability payments and third-party settlement payments, from Mr. Baker's monthly LTD benefit. Here, it is undisputed that Mr. Baker received social security payments and a third-party settlement award that totaled $1,100,000.00 in addition to his LDT payments. Further, Mr. Baker does not contest that he has possession and control of these funds. Consequently, Unum is entitled to reimbursement and summary judgment is appropriate as there is no genuine issue of material fact.

**ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that Unum's Motion is GRANTED. (ECF No. 19.) In light of Mr. Baker's claim that he was taxed on sums, the Court

intends to hold a hearing regarding the amount owing from Mr. Baker to Unum and any offsets that could be appropriate. The Court will coordinate the location, date and time for the hearing in a separate notice.

Dated this 4th day of September, 2019.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge